[No. C058341. Third Dist. Feb. 3, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
JIMMY RAY SANDERS, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part II.

## COUNSEL

Robert L. S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and Angelo S. Edralin, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CANTIL-SAKAUYE, J.**—Defendant Jimmy Ray Sanders was committed to the California Rehabilitation Center (CRC) after pleading guilty to domestic violence on a cohabitant (Pen. Code, § 273.5, subd. (a)) and no contest to vandalism (Pen. Code, § 594, subd. (a)), and being sentenced by the trial court to three years eight months in state prison. On appeal, he contends the

waiver he signed pursuant to Welfare and Institutions Code[1] section 3053 waiving his right to be present at a hearing to impose sentence in the event of his rejection or disqualification from CRC was unauthorized and must be stricken. He contends further that the sentence imposed on the vandalism charge should have been stayed pursuant to Penal Code section 654. We shall affirm the judgment.

## PROCEDURAL BACKGROUND[2]

Defendant pled guilty to domestic violence on a cohabitant, and no contest to vandalism, in exchange for dismissal of a prior prison term allegation and other pending charges and a maximum prison sentence of three years eight months. The court initially imposed a sentence of four years eight months in state prison, then subsequently corrected itself and resentenced defendant to a term of three years eight months. Defendant admitted being addicted, or in imminent danger of addiction, to drugs and alcohol, waived a medical examination and requested referral to CRC. The court suspended criminal proceedings pursuant to section 3051 and granted defendant's request, ordering him committed to CRC. The court informed defendant that, in the event defendant were to be rejected or disqualified from CRC for any legal reason, it would not in any way modify the sentence imposed. Defendant provided the court with a signed waiver pursuant to section 3053, waiving his right to a return hearing in such event.

Defendant filed a timely notice of appeal.

## DISCUSSION

## I.

Defendant argues his section 3053 waiver contravenes his statutory right to a sentencing hearing following exclusion from the CRC and is therefore "invalid." We disagree.

Subdivision (a) of section 3053 provides, "If . . . the Director of Corrections concludes that the person . . . is not a fit subject for confinement or treatment in the . . . facility, he or she shall return the person to the court in which the

---

[1] Undesignated statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] The facts related to defendant's underlying offenses are relevant only to defendant's second contention on appeal and shall therefore be discussed as necessary in part II of this opinion.

case originated for further proceedings on the criminal charges that the court may deem warranted."

At the sentencing hearing, the court accepted and filed a "Waiver of WI 3053 Hearing" signed by defendant, which states as follows: "The Court having determined that should the defendant be rejected or disqualified from the California Rehabilitation Center program for any legal reason, the Court would not modify in any way the sentence imposed herein. [¶] I hereby waive my rights under Welfare and Institutions Code section 3053 to be returned to the Butte County Superior Court for further proceedings on the criminal charges should I be excluded from the C.R.C. program for any legal reason. [¶] I have discussed this waiver with my attorney and fully understand that should I be excluded from the C.R.C. program for any legal reason, the WI3051 civil proceedings will be terminated and the criminal proceedings reinstated without my returning by [sic] Butte County Superior Court, and that I will be transferred to a correctional facility to serve any remaining time on my sentence."

■ Defendant does not contend his waiver was invalid because it was unknowing or involuntary or in some other manner deficient. Rather, his argument is that the "shall" language in the statute requires a mandatory return hearing pursuant to section 3053 that cannot be waived. However, defendant cites no authority for this proposition, and we have found none. He merely asserts that a court acting beyond the limits set forth in any given statute is acting in excess of its jurisdiction, rendering those actions void. ■ While that general assertion supports defendant's position that, under section 3053, the trial court is required to follow particular procedures (i.e., hold a return hearing) when a defendant is excluded from CRC, it does not support defendant's claim that a defendant is prohibited from waiving those requirements.

Defendant argues further that his waiver is invalid given that a return hearing is a "key component of the statute, because only in this way can a defendant explain why his sentence should be modified and because only in this way, can he also have knowledge of the final judgment of the trial court so that he can file a timely notice of appeal." We are not persuaded. At its core, defendant's appeal seeks a return hearing in the event of exclusion from CRC so that defendant can renegotiate the sentence previously imposed but suspended pending commitment at CRC. However, that ship has already sailed. In addition to the language in his waiver, defendant was fully informed on the record at the hearing that the court does not intend to modify his sentence in the event he is excluded from CRC. As such, even if defendant were present at the hearing, a request to modify his sentence would fall on deaf ears. Further, we note he does not, on appeal, explain why in fact his sentence should be modified.

We are similarly unpersuaded by defendant's claim that his presence at the hearing is the only means by which he will learn of the judgment against him for purposes of filing an appeal. To the extent defendant has not yet been excluded from CRC, his claim is premature. Assuming he is excluded sometime in the future, we have no reason to believe that he will not receive notice of the judgment against him. In short, he has not suffered any injury and therefore cannot demonstrate prejudice resulting from the waiver. (*People v. Mayfield* (1997) 14 Cal.4th 668, 738–739 [60 Cal.Rptr.2d 1, 928 P.2d 485].)

## II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Blease, Acting P. J., and Sims, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 29, 2009, S170849.

*See footnote, *ante*, page 1236.